UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81466-CIV-HURLEY/LYNCH

JUDY GOODWIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

    Defendant.
_____/



FILED by ___ D.C.

AUG 1 3 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PETITION FOR ATTORNEY'S FEES [D.E. #19]

**THIS CAUSE** having come before this Court upon the above motion, and this Court having reviewed the motion and the attachments thereto as well as the Commissioner's response, this Court recommends to the District Court as follows:

1.    The Plaintiff asks for a total of $3,074.57 in attorney's fees. The Defendant does not object, and therefore the Plaintiff shall be awarded the full requested amount.

2.    The Plaintiff moves for the award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The EAJA permits the prevailing party to recover fees and costs, and the term "prevailing party" refers to the litigant, not the attorney. See Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008). The U.S. Supreme Court recently affirmed this interpretation of the EAJA in the case of Astrue v. Ratliff, 130 S.Ct. 2521 (2010). This means, in other words, that the Plaintiff's attorney does not have a direct claim to the EAJA award. For this reason the Plaintiff also requests that the payment

be made directly to the counsel of record, Lilli W. Marder, Esquire, pursuant to the assignment executed by the Plaintiff. A copy of this assignment is attached to the Motion.

3. Although the Defendant does not object to the amount of the EAJA award, he points out that the award may be subject to satisfy any pre-existing debt that the Plaintiff may owe to the United States. The Defendant states he will verify if any pre-existing debt exists. It appears therefore that the Defendant seeks clarification that the EAJA award is to be made payable to the Plaintiff, not her attorney, so as to secure payment of any such debt. Ratliff, which held that an EAJA fee award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States", id. at 2524, generally supports the Defendant's request. The Defendant states that if it is determined no pre-existing debt exists, then the fee will be payable to the Plaintiff's attorney pursuant to the assignment.

4. Districts in this Circuit often give effect to such assignments, especially when the Commissioner leaves it uncontested. See, e.g, Gildersleeve v. Astrue, 2010 WL 2884861 (S.D. Ala. 2010), Yenkalal v. Astrue, 2010 WL 2366568 (M.D. Fla. 2010), Thompson v. Astrue, 2010 WL 299141 (N.D. Fla. 2010). See also, Henderson v. Astrue, 2010 WL 227912 (S.D. Fla. 2010) (but declining to address the offset issue). However, these cases do not involve the present situation when the Defendant claims an actual debt. Nor does Reeves or Ratliff directly address this situation, although one court reads Ratliff as "implicitly approv[ing] the Commissioner's current practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and assigns the right to such fees to the attorney." Davis v. Comm'r, 2010 WL 2871118, *3 (M.D. Fla. 2010). One provision of the governing regulation seems to confirm

2

the Davis approach: pursuant to subpart (e)(6)(ii) of 31 C.F.R. § 285.5, an assignment does not prevent the Government from applying the EAJA award payment to offset the pre-existing debt. See also, Wilson v. Astrue, 2010 WL 2367317, *2, n.2 (N.D. Fla. 2010).

5.   This Court finds that the assignment does not prevent the offset of the Plaintiff's pre-existing debt against the EAJA award, although it would seem that the remainder could be paid directly to a claimant's attorney by virtue of an assignment. See generally, Ratliff, 130 S.Ct. at 2530 (clarifying that after the EAJA award payment to the litigant, "the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (Sotomayer, J., concurring).

6.   Title 31 U.S.C. § 3716(a), as well as the companion regulation, 31 C.F.R. § 285.5(d)(6), set forth the due process requirements (notice and opportunity to be heard) for determining what debts are eligible administrative offset. A government agency collects on an outstanding debt owed to it by certifying the debt and reporting it to the centralized offset program administrator, as Justice Thomas explains in the Ratliff opinion. See id. at 2524-25. See also, Omegbu v. U. S. Dept. of Treasury, 118 Fed.Appx. 989 (7th Cir. 2004) (holding that a properly noticed and certified debt, now undisputed, may be offset against subsequently awarded Social Security benefits). Any dispute over the claimed debt, itself, is waived, at least for instant purposes, because the Plaintiff leaves it unchallenged.

**ACCORDINGLY,** this Court recommends that the Plaintiff's Application For Attorney's Fees [D.E. #19] be **GRANTED** and that she be **AWARDED** a total of $3,074.57 in attorney's fees pursuant to the EAJA, and that the EAJA award is subject to offset any pre-existing debt to the United States. The award amount that remains after offset is hereby recommended to be paid directly to the Plaintiff.  It is further recommended that

the Defendant pay the Plaintiff the fee award within sixty (60) days of the date of any Order entered by the District Court adopting this Report and Recommendation.  This is sufficient time to allow the Defendant to research whether the Plaintiff has any outstanding debts and to determine whether they qualify for offset pursuant to the requirements of 31 U.S.C. § 3716(a), as cited by Justice Thomas in U. S. v. Ratliff, 130 S.Ct. 2521 (2010) and as discussed in Omegbu v. U.S. Dept. of Treasury, 118 Fed. Appx. 989 (7th Cir. 2004), as well as the requirements of 31 C.F.R. § 285.5.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Daniel T. K. Hurley, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _13th_ day of August, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Daniel T. K. Hurley
AUSA Stephanie I. R. Fidler
Lilli W. Marder, Esq.